UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Jermaine Walker and
Albert Boyd,

                                          09-1177

      Plaintiffs,

  v.

Stephen Wright et al.,

      Defendants.

## Case Management Order

      The plaintiff are pursuing claims under RLUIPA, IRFRA, and the First Amendment arising from the alleged denial of a vegan diet that meets their religious and nutritional needs at Hill Correctional Center.

      The plaintiffs filed this suit while they were both incarcerated in Hill Correctional Center. Since then, however, Plaintiff Walker has been transferred to another prison. Plaintiff Boyd moves for reconsideration of appointment of counsel for this reason, asserting that he can no longer coordinate the case with Walker because Walker has been transferred. That is not cause to find that Boyd is not competent to proceed pro se, but it is cause to sever the claims of the plaintiffs into separate cases. The plaintiffs' separation precludes them from the cooperation necessary for joint plaintiffs. Severance of the claims will not prejudice either, as they can still both pursue their own claims (but Walker's request for injunctive relief is moot, with his transfer). Once the defendants have all been served and have appeared, this case will be severed into a separate case for each plaintiff.

      Plaintiff Boyd has also filed a motion for preliminary injunction, but he has not demonstrated that a preliminary injunction is warranted. "An equitable, interlocutory form of relief, ""'a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.'"" *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of America*, 549 F.3d 1079, 1085 (7th Cir. 2008)(quoted cites omitted). The plaintiff must, at the threshold, demonstrate that: 1) without a preliminary injunction, he will suffer irreparable harm before the final resolution of his claims; 2) "traditional legal remedies would be inadequate"; and 3) that he "has some likelihood of succeeding on the merits of his claim." *Id.* The plaintiff's allegations, without more, do not demonstrate irreparable harm or a likelihood of success on his claims.

IT IS THEREFORE ORDERED:

1) Plaintiff Walker's motion for reconsideration of appointment of counsel is denied (d/e 29).

2) Plaintiff Walker's motion for preliminary injunction is denied (d/e 30).


Entered this   21st   day of   September, 2009.


                                                    s/Harold A. Baker
                                                   HAROLD A. BAKER
                                    UNITED STATES DISTRICT JUDGE