E-FILED
Friday, 06 August, 2010  12:14:44 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ALBERT BOYD, K02545, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 09-1357 |
| | ) | |
| STEPHEN WRIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants, GERARDO ACEVEDO, JAMES RUNDLE, BILL SMITH, and STEPHEN WRIGHT, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and pursuant to Federal Rules of Civil Procedure 56(b), hereby submit this Memorandum of Law in Support of Defendants' Motion for Summary Judgment. In support thereof, Defendants state as follows:

**Introduction**

Plaintiff, an inmate currently incarcerated at Hill Correctional Center, has filed suit alleging violations of his First Amendment rights to freely practice his religious and his statutory rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the Illinois Religious Freedom Restoration Act ("IRFRA"). Specifically, the Court allowed Plaintiff to proceed on his First Amendment claims, his claims under RLUIPA, only against Defendants in their official capacity and only for injunctive or declaratory relief, and his claims under IRFRA, only against Defendants in their individual capacity. [doc. 14]. Plaintiff claims that Defendants did not provide him a nutritionally adequate vegan diet that

1

complied with his religious beliefs.  However, as will be discussed below, Defendants are entitled to summary judgment because: 1)  Plaintiff's diet was nutritionally adequate, 2) Plaintiff has no evidence of an ongoing violation, therefore making injunctive or declaratory relief and Plaintiff's official capacity RLIUPA claim improper, 3) Plaintiff may not proceed against Defendants in their individual capacity under IRFRA, and 4) Defendants are entitled to qualified immunity.

## Undisputed Material Facts

1. Plaintiff is an African Hebrew Israelite.  (Deposition of Plaintiff, attached hereto as Exhibit A, p. 7).

2. The dietary beliefs of Plaintiff's religion are that he can not eat meat or animal by-products.  (Exhibit A, pp.7-8).

3. Plaintiff's only evidence that the diet he was served was nutritionally inadequate is his own supposition.  (Exhibit A, pp. 29-30).

4. The vegan menus were distributed to all adult facilities of the Department for use in 2007, 2008, 2009 and 2010.  (Affidavit of Suzann Griswold and Vegan Diet Menus, attached as Exhibits F and G to case No. 09-1177, docket No. 50, document No. 5).

5. The vegan menus are designed to ensure that recipients receive a nutritionally adequate vegan diet that offers approximately 2300-2500 calories per day. (Affidavit of Suzann Griswold, attached as Exhibit F to case No. 09-1177, docket No. 50, document No. 5).

6. Individual facilities order their food through the approved State procedure and must stay within their assigned food budget.  The Food Service Managers at individual facilities are directed to serve the food items and portion sizes as indicated in the vegan

menu. However, occasional substitutions of food items that meet necessary dietary restrictions may become necessary due to the unavailability of certain food items. (Affidavit of Suzann Griswold, attached as Exhibit F to case No. 09-1177, docket No. 50, document No. 5).

      7. Soy protein, which is low in fat and cholesterol, is a healthy alternative to meat, poultry, and other animal-based products. Dozens of controlled clinical studies show that foods rich in soy protein can have considerable value to heart health. According to the Food and Drug Administration, all foods—including soy—are complex collections of chemicals that can be beneficial for many people in many situations, but can be harmful to some people when used inappropriately. Suzann Griswold is not aware of any specific research studies regarding dangers of soy consumption and particular health issues associated with over-consumption of soy. (Affidavit of Suzann Griswold, attached as Exhibit F to case No. 09-1177, docket No. 50, document No. 5).

      8. At Hill all efforts are made to provide vegan meals per the master menu and to ensure that the meals are properly served, nutritionally adequate and correct in caloric content and palatability. (Affidavit of Stephen Wright, Exhibit C, ¶3 and Affidavit of James Rundle, Exhibit D, ¶3, attached to case No. 09-1177, docket No. 50 as document Nos. 4 and 5).

      9 Vegan meals are prepared in the kitchen under the supervision of kitchen Correctional Food Service Supervisor(s) and in accordance with the Department rules and regulations. (Affidavit of James Rundle, Exhibit D, ¶4, attached to case No. 09-1177, docket No. 50 as document No. 5).

10. Menus are subject to change, based on the availability of menu items. (Affidavit of Stephen Wright Exhibit C, ¶4, attached to case No. 09-1177, docket No. 50 as document No. 4).

11. Nutritionally equivalent items are substituted for items that may not be available at the time of the meal. (Affidavit of Stephen Wright, Exhibit C, ¶5, Affidavit of James Rundle, Exhibit D, ¶5, attached to case No. 09-1177, docket No. 50 as document Nos. 4 and 5).

## **Argument**

**I.  DEFENDANTS PROVIDED PLAINTIFF WITH A NUTRITIONALLY ADEQUATE VEGAN DIET IN COMPLIANCE WITH HIS RELIGIOUS BELIEFS.**

A First Amendment claim has been recognized where the plaintiff "is being put to an improper choice between adequate nutrition and observance of the tenets of his faith. *Hunafa v. Murphy*, 907 F2d 46, 47 (7th Cir. 1990). Here, Plaintiff was provided a nutritionally adequate vegan diet. Accordingly, there has been no burden on Plaintiff's religious beliefs.

Plaintiff is an African Hebrew Israelite. (Undisputed Fact 1). The dietary beliefs of Plaintiff's religion are that he can not eat meat or animal by-products. (Undisputed Fact 2). Plaintiff's only evidence that the diet he was served was nutritionally inadequate is his own supposition. (Undisputed Fact 3). The vegan menus were distributed to all adult facilities of the Department for use in 2007, 2008, 2009 and 2010. (Undisputed Fact 4). The vegan menus are designed to ensure that recipients receive a nutritionally adequate vegan diet that offers approximately 2300-2500 calories per day. (Undisputed Fact 5). Individual facilities order their food through the approved State procedure and must stay

within their assigned food budget. (Undisputed Fact 6). The Food Service Managers at individual facilities are directed to serve the food items and portion sizes as indicated in the vegan menu. (Undisputed Fact 6). However, occasional substitutions of food items that meet necessary dietary restrictions may become necessary due to the unavailability of certain food items. (Undisputed Fact 6). Soy protein, which is low in fat and cholesterol, is a healthy alternative to meat, poultry, and other animal-based products. (Undisputed Fact 7). Dozens of controlled clinical studies show that foods rich in soy protein can have considerable value to heart health. (Undisputed Fact 7). According to the Food and Drug Administration, all foods—including soy—are complex collections of chemicals that can be beneficial for many people in many situations, but can be harmful to some people when used inappropriately. (Undisputed Fact 7). Suzann Griswold is not aware of any specific research studies regarding dangers of soy consumption and particular health issues associated with over-consumption of soy. (Undisputed Fact 7).

At Hill all efforts are made to provide vegan meals per the master menu and to ensure that the meals are properly served, nutritionally adequate and correct in caloric content and palatability. (Undisputed Fact 8). Vegan meals are prepared in the kitchen under the supervision of kitchen Correctional Food Service Supervisor(s) and in accordance with the Department rules and regulations. (Undisputed Fact 9). Menus are subject to change, based on the availability of menu items. (Undisputed Fact 10). Nutritionally equivalent items are substituted for items that may not be available at the time of the meal. (Undisputed Fact 11).

As stated above, per Suzann Griswold, a Licensed Dietitian Nutritionist by the State of Illinois and a registered dietitian by the Commission on Dietetic Registration, the vegan

diets at Hill Correctional Center are nutritionally adequate. Moreover, Plaintiff's only evidence to the contrary, is his own supposition. Further, there is no evidence to demonstrate that Plaintiff has any training to qualify him to comment on the nutritional content of the food he eats. There simply has not been a burden on Plaintiff's religious beliefs. He has not been forced to choose between practicing his religion and having a nutritionally adequate diet. Plaintiff may not like the contents of his vegan diet, but he is not entitled to demand specific items be served to him or demand a superior quality of fresh produce.

Further, there is no evidence that Defendants are the ones who designed these menus. As can be seen from the menus themselves, Suzann Griswold, not the Defendants, signed these menus. Therefore, assuming arguendo the diets were *not* nutritionally adequate, Defendants were following the advice of an expert in the field of nutrition when they utilized and followed the designed menus. Accordingly, Defendants are entitled to summary judgment.

II. **PLAINTIFF HAS NO EVIDENCE OF AN ONGOING VIOLATION, THEREFORE MAKING INJUNCTIVE OR DECLARATORY RELIEF AND PLAINTIFF'S OFFICIAL CAPACITY RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT CLAIM IMPROPER.**

If there is no ongoing constitutional violation then the Court has no authority to grant injunctive relief. *Green v. Mansour*, 474 U.S. 64, 73, 106 S.Ct. 423, 428 (1985). Thus, the Court lacks authority to grant Plaintiff any relief for his RLUIPA claim against the defendants in their official capacities, for injunctive or declaratory relief. As discussed above, Plaintiff is currently receiving a nutritionally adequate diet. There is no ongoing

constitutional violation. Accordingly, Defendants are entitled to summary judgment as to Plaintiff's Religious Land Use and Institutionalized Persons Act claim.

### III. PLAINTIFF MAY NOT PROCEED AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITY UNDER THE ILLINOIS RELIGIOUS FREEDOM RESTORATION ACT.

The Illinois Religious Freedom Restoration Act prohibits the government from substantially burdening a person's exercise of religion unless the burden is applied in furtherance of a compelling government interest and is the least restrictive means of furthering that interest. 775 ILCS 35/15. Government in this context includes any branch, department, agency, instrumentality, or official of the State of Illinois. 775 ILCS 35/5. The Seventh Circuit has already determined that any claims against a defendant in their official capacity under IRFRA must be brought in the Court of Claims. *Nelson v. Miller,* 570 F.3d 885 (7th Cir. 2009). The remaining question is whether a claim may be brought under IRFRA against a defendant in their individual capacity. Sovereign immunity bars such a claim.

The State of Illinois is barred by sovereign immunity from being made a defendant in any court. 745 ILCS 5/1; *Healy v. Vaupel*, 133 Ill.2d 295, 307 (1990). Whether an action is in fact one against the State depends not on the formal identification of the parties, but rather on the issues involved and the relief sought. *Healy* at 308. An action is against the State when there are (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts, (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment, and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State. *Healy* at 309, quoting

*Robb v. Sutton*, 147 Ill.App.3d 710, 716 (1986). If these three criteria are not met, a court must consider the relief sought and whether judgment for the plaintiff could operate to control the actions of the State or subject it to liability. *Jackson v. Alverez*, 358 Ill.App.3d 555, 560 (2005), citing *Jinkins v. Lee*, 209 Ill.2d 320, 330 (2004).

IRFRA is directed against government actions. The stated purpose of the act is to guarantee that a test of compelling governmental interest will be imposed on all State and local law, ordinances, policies, procedures, practices and governmental actions. 775 ILCS 35/10. Its explicit intent is to control the actions of the State. Any action brought under the act, regardless of who is named as a defendant, is directed against actions by the State or its officials that burden the exercise of religion. Any action brought under IRFRA is barred by sovereign immunity except in the Court of Claims.

Even if it is possible that some claims under IRFRA are not barred by sovereign immunity, the specific claims brought in this case are barred. The allegations in this case are that Defendants failed to provide a nutritionally adequate vegan diet. There is no allegation that this type of decision was not within the scope of the Defendants' authority. Defendants would not have owed any duty regarding religious diets to the public generally. A judgment against Defendants would operate to control future decisions regarding religious diets by the State. There is no allegation against the Defendants that would involve them only as an individual, and so no relief is available in his individual capacity.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that this honorable Court grant this motion and enter summary judgment in favor of the Defendants.

                  Respectfully submitted,

                  GERARDO ACEVEDO, JAMES RUNDLE, BILL SMITH, and STEPHEN WRIGHT,

                      Defendants,

                  LISA MADIGAN, Attorney General, State of Illinois

By: s/ Larry J. Lipka
     Larry J. Lipka, #6297043
     Assistant Attorney General
     Attorney for Defendants
     500 South Second Street
     Springfield, Illinois 62706
     (217) 782-9026  Phone
     (217) 524-5091  Fax
     E-Mail: llipka@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ALBERT BOYD, K02545, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 09-1357 |
| | ) | |
| STEPHEN WRIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 6, 2010, I electronically filed a Memorandum of Law in Support of Defendants' Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

None

and I hereby certify that on August 6, 2010, I mailed by United States Postal Service, the document(s) (including copies of Exhibits C, D, F, and G from case No. 09-1177, docket No. 50) to the following non-registered participant(s):

Albert Boyd, #K02545
Hill Correctional Center
600 S. Linwood Road
Post Office Box 1700
Galesburg, Illinois 61401

Respectfully Submitted,

 s/ Larry J. Lipka
Larry J. Lipka, #6297043
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, Illinois  62706
(217) 782-9026  Phone
(217) 524-5091  Fax
E-Mail:  llipka@atg.state.il.us