IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ALBERT BOYD, K02545, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 09-1357 |
| | ) | |
| STEPHEN WRIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
REGARDING PLAINTIFF'S LACK OF PHYSICAL INJURY**

Now comes the Defendant, JAMES RUNDLE, by and through his attorney, Lisa Madigan, Attorney General for the State of Illinois, and pursuant to Federal Rule of Civil Procedure 56, hereby moves this Honorable Court to grant his Motion for Summary Judgment on Plaintiff's Lack of Physical Injury.  In support thereof, Defendant states as follows:

I.     **INTRODUCTION**

At the outset, Defendant seeks to bring this Court's attention to the fact that Defendant has not attached Aff. Exhibits 1 through 6 with the instant motion, although Aff. Exhibits 1 through 6 are referenced herein.  The reason Defendant has not filed Aff. Exhibits 1 through 6 with the instant motion is that those exhibits contain Plaintiff's medical records, and Defendant is currently waiting for this Court to grant Defendants Motion for HIPAA Qualified Protective Order (doc. 64) regarding the records.  Therefore, Defendant seeks leave of this Court to file Aff. Exhibits 1 through 6 as attachments to

1

the instant motion once the Court has ruled on Defendant's Motion for HIPAA Qualified Protective Order (doc. 64).

Plaintiff is an inmate currently incarcerated at Danville Correctional Center. As stated in the Court's February 28, 2011 Order and Opinion (doc. 62), Plaintiff's sole surviving claim is that Defendant Rundle violated Plaintiff's First Amendment rights by failing to provide Plaintiff a nutritionally adequate vegan diet that complied with Plaintiff's religious beliefs while Plaintiff was incarcerated at Hill Correctional Center ("Hill"). Defendant Rundle is the Dietary Manager at Hill.

Plaintiff was incarcerated at Hill Correctional Center from February 1, 2006 until September 15, 2010, when he was transferred to Danville Correctional Center. Plaintiff claims that starting in 2008 and continuing thereafter Defendant Rundle failed to provide Plaintiff a nutritionally adequate vegan diet. Defendant herein asserts that Plaintiff suffered no physical injury attributable to Defendant Rundle; and thus, damages are barred by section 1997e(e) of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). The Court should therefore award Defendant summary judgment.

## II. <u>UNDISPUTED MATERIAL FACTS</u>

1. Plaintiff was transferred to Hill Correctional Center on September 1, 2006. (Deposition of Plaintiff, doc. 50-1, 7:12).

2. Plaintiff alleges that Defendant failed to provide Plaintiff a nutritionally adequate vegan diet starting in the year 2008 and continuing thereafter. (doc. 1, ¶ 10); (doc. 50-1, 9:5).

3.	IDOC computer records reflect that on September 15, 2010, Plaintiff was transferred from Hill Correctional Center to Danville Correctional Center. (IDOC's Offender Tracking System "OTS" attached hereto as Exhibit A).

4.	Plaintiff alleges that his injuries attributable to Defendant's conduct are weight loss, fatigue, and constipation. (doc. 50-1, 19:21-20:12).

5.	Plaintiff admits that he has never seen a doctor or visited the healthcare unit in reference to Plaintiff's alleged injuries. (doc. 50-1, 20:13-21).

6.	On the date of Plaintiff's deposition, April 26, 2010, Plaintiff claims that he had not seen a doctor in approximately two years, since approximately April 2008. (doc. 50-1, 20:22-21:16).

7.	Plaintiff claims that when he saw a doctor in approximately April 2008, Plaintiff complained to that doctor about weight loss, fatigue, and constipation. (doc. 50-1, 21:13-19).

8.	Mary Miller, the Healthcare Unit Administrator at Plaintiff current place of incarceration, has reviewed Plaintiff's medical records. (Affidavit of Mary Miller attached hereto as Exhibit B, ¶ 1-3).

9.	Plaintiff's medical records indicate that Plaintiff weighed 183 pounds on May 1, 2000. (Exhibit B, ¶ 3); (Aff. Exhibit 1).

10.	Plaintiff's medical records indicate that Plaintiff weighed 180 pounds on January 30, 2006. (Exhibit B, ¶ 3); (Aff. Exhibit 2).

11.	Plaintiff's medical records indicate that Plaintiff weighed 182 pounds on May 14, 2006. (Exhibit B, ¶ 3); (Aff. Exhibit 3).

12.     Plaintiff's medical records indicate that Plaintiff weighed 183 pounds on August 26, 2006. (Exhibit B, ¶ 3); (Aff. Exhibit 4).

13.     Plaintiff's medical records indicate that Plaintiff weighed 185 pounds on May 7, 2008. (Exhibit B, ¶ 3); (Aff. Exhibit 5).

14.     Plaintiff's medical records indicate that Plaintiff weighed 180 pounds on September 15, 2010. (Exhibit B, ¶ 3); (Aff. Exhibit 6).

15.     Plaintiff's medical records do not reflect that Plaintiff was seen by a physician in April 2008. (Exhibit B, ¶ 4).

16.     Plaintiff's medical records reflect that Plaintiff was seen by a physician for a physical examination on May 7, 2008. (Exhibit B, ¶ 4); (Aff. Exhibit 5).

17.     Plaintiff's medical records do not reflect that Plaintiff suffered from weight loss, constipation, or fatigue on May 7, 2008. (Exhibit B, ¶ 5); (Aff. Exhibit 5).

18.     Plaintiff's medical records affirmatively indicate that on May 7, 2008 Plaintiff was not suffering from "weight loss of over 15" or "fatigue," and all other areas were marked as normal on that date, including "abdomen" and "rectum/anus." (Exhibit B, ¶ 5); (Aff. Exhibit 5).

19.     Plaintiff's medical records do not indicate that Plaintiff was medically treated for weight loss, constipation, or fatigue at any point between January 1, 2008 and September 15, 2010. (Exhibit B, ¶ 6).

### III.    <u>ARGUMENT</u>

Defendant should be awarded summary judgment.  Although Plaintiff claims that he experienced weight loss, constipation, and fatigue, Plaintiff's medical records refute

Plaintiff's claims. Plaintiff has failed to establish any physical injury and damages are therefore barred by the Prison Litigation Reform Act.

Pursuant to the Prisoner Litigation Reform Act ("PLRA"), inmates are barred from bringing an action based on mental or emotional injury without a prior showing of physical injury. *Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008) (citing 42 U.S.C. § 1997e(e)). The PLRA's limitation on damages applies to compensatory damages for claims involving constitutional torts, as well as alleged violations of Federal statutes, although nominal and punitive damages may still be available. *Id.* (citing *Cassidy v. Ind. Dep't of Corr.*, 199 F.3d 374, 376-377 (7th Cir. 2000); *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007)); but see *Smith v. Peters*, 631 F. 3d 418, 421 (7th Cir. 2011). Weight loss does not constitute a "physical injury" for the purposes of the PLRA. *Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006) (citing *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998); *Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001)).

In the instant case, Plaintiff claims that Defendant failed to provide Plaintiff a nutritionally adequate vegan diet from January 1, 2008 and continuing thereafter. (Fact # 2). Plaintiff was transferred from Hill Correctional Center on September 15, 2010. (Fact # 3). Thus, Plaintiff's alleged injuries purportedly occurred between January 1, 2008 and September 15, 2010.

Plaintiff admits that his only alleged symptoms are weight loss, constipation, and fatigue. (Fact #4). However, Plaintiff's medical records refute the claim that Plaintiff suffered from weight loss, constipation, or fatigue at any point between January 1, 2008 and September 15, 2010. (Fact # 8-19). First of all, Plaintiff's medical records indicate

that Plaintiff remained in the weight range between 180 and 185 pounds for the entire period which Plaintiff spent at Hill Correctional Center. (Fact # 9-14). On February 15. 2010, the same day that Plaintiff was transferred from Hill Correctional Center to Danville Correctional Center, Plaintiff weighed 180 pounds. (Fact # 3, 14). Just as in *Pearson v. Welborn*, Plaintiff's claim of minor weight loss is insufficient to show physical injury. 471 F.3d at 744. Plaintiff lost, at most, five pounds during the period plaintiff claims to have been injured by Defendant.

None of Plaintiff's alleged injuries are supported by Plaintiff's medical records; and, in fact, Plaintiff's claims are specifically refuted by Plaintiff's medical records. Plaintiff claimed at his deposition on April 26, 2010 that he had not been seen by a doctor since approximately April 2008. (Fact # 6). Plaintiff's medical records do not reflect that Plaintiff saw a doctor in April 2008; but rather, Plaintiff's medical records indicate that Plaintiff had a physical examination on May 7, 2008. (Fact # 15-16).

Plaintiff admits that he has never seen a doctor or visited the healthcare unit in reference to weight loss, fatigue, or constipation (Fact # 5); but, Plaintiff claims that he told the doctor who examined Plaintiff that Plaintiff suffered from weight loss, fatigue, and constipation. (Fact # 7). However, Plaintiff's medical records do not reflect that Plaintiff complained of weight loss, fatigue, and constipation during Plaintiff's May 7, 2008 physical examination or at any time between January 1, 2008 and September 15, 2010 while Plaintiff was at Hill. (Fact # 17, 19). In fact, the medical records from Plaintiff's May 7, 2008 examination affirmatively indicate that Plaintiff was not suffering from "weight loss of over 15" or "fatigue;" and, all other areas were marked as normal on that date, including "abdomen" and "rectum/anus." (Fact # 18). Thus, after the

examination at which Plaintiff alleges to have complained of weight loss, fatigue, and constipation, a medical professional indicated that Plaintiff did not suffer from any of these symptoms.

Although Plaintiff claims that he suffered injuries, Plaintiff's bald assertions are insufficient to establish that Plaintiff actually suffered a physical injury. Plaintiff is not qualified as an expert pursuant to Federal Rules of Evidence 701-702 and Plaintiff does not claim that he has any medical training which would validate Plaintiff's assertions regarding his alleged injuries. Therefore, Plaintiff is not qualified to testify in regards to medical conditions or to contradict the medical records presented herein and attached hereto. Plaintiff has not established any physical injury. Plaintiff's failure to establish physical injury bars him from an award of compensatory damages. Thus, only nominal damages are available to Plaintiff for his First Amendment claim against Defendant Rundle, and this Court should award Defendant summary judgment.

WHEREFORE, the Defendant JAMES RUNDLE respectfully requests that this Court grant his Motion for Summary Judgment Regarding Plaintiff's Lack of Physical Injury.

Respectfully submitted,

JAMES RUNDLE

Defendant,

Ryan E. Donaldson #6299664
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 782-9014 Phone
(217) 782-8767 Fax
E-Mail: rdonaldson@atg.state.il.us

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendant.

By: s/Ryan E. Donaldson
Ryan E. Donaldson
Assistant Attorney General

Of Counsel.

**No. 09-1357**
**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2011, I electronically filed **Memorandum of Law in Support of Defendant's Motion for Summary Judgment Regarding Plaintiff's Lack of Physical Injury** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

NONE

and I hereby certify that on March 31, 2011, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

Albert Boyd, #K02545
Danville Correctional Center
Inmate Mail
3820 East Main Street
Danville, Illinois  61834

\s\ Ryan E. Donaldson
Ryan E. Donaldson #6299664
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 782-4019
rdonaldson@atg.state.il.us